Good morning, Patrick Evan for the appellants. May it please the court, we're here on two issues. One, Rooker-Feldman. Second, disqualification of the district judge on Rooker-Feldman. It's the appellant's position that they have demonstrated that their case, where they allege a conspiracy between members of the state judiciary, an ADR company, and lawyers, that that situation is not covered by Rooker-Feldman because there is what's been called extrinsic fraud, or sometimes fraud on the court. As to the disqualification of the court... So since you're alleging, you have the court as part of the conspiracy, so how could it be fraud on the court since it's part of the conspiracy? Well, I guess it depends what you think the court is. If the court is the individual judges or justices that are involved, then I could see the point, but the court refers to the judicial process, the court as an institution, and I think it's possible for an individual judge or justice, himself or herself, to commit fraud on the court. And that's essentially what we allege happened here, particularly with regard to Judge Moss. Has any case so held? I'm sorry, Your Honor. Has any case held that, that the fraud by a judge acting in the case is fraud on the court, under the doctrine that you're proposing? Well, we cite several cases that deal with situations... The best case theory for the proposition that fraud on the part of an individual judge constitutes fraud on the court. That specific premise. Yes, Your Honor. I would say that the case, the Great Western v. Rothschild case, the Nessus case from the Seventh Circuit, and some of the other cases that we cite in our opening brief at Ritz, one of the footnotes where we review the Nessus decision and how it's been adopted by other courts, those cases deal with the situation where there's a conspiracy alleged as between judges and private parties that is viewed as outside Rooker-Feldman because it is extrinsic fraud. Extrinsic fraud broadly refers to the notion that something outside the court enters into the judicial process and unfairly sways it. So here, for example, we have what's really, I think, the ultimate interference with judicial process, and that is the bribe of Judge Moss, which we've stated and has been proven. It's been proven as a matter of law based on what's happened in this case. Counsel, Great Western is a Third Circuit case. Do you have a Ninth Circuit case that... Of course, we're not bound by that. Counsel, do you have a Ninth Circuit case that you can cite for the proposition that fraud by an individual judge constitutes fraud on the court? I believe the closest case, and I think it may be my esteemed opponents are correct in the sense that the Ninth Circuit may not have directly addressed this issue, but I believe the closest case is one called Kimes, K-I-M-E-S, cited in our opening brief. Okay, so I'm there. Ed, would you point me to the precise language in the Kimes case that supports your argument that fraud on the part of an individual judge constitutes fraud on the court? Point me to the page, please. All right, Your Honor. Well, you're faster than me on this. I don't have the actual Kimes case in front of me in the recording. Well, in Kimes, I'm not looking at the case, Your Honor. I don't have it pulled up in front of me, but the part that was quoted, and as I recall reading that case, the allegation was a conspiracy between the judge and the attorney defendants, and that was held to deprive due process of law and was outside Rooker-Feldman. I don't know the distinction to say fraud on the part of a judge. It seems to me that if a judge is in a conspiracy with private litigants to achieve a particular result for them, one payment of a bribe, or however it might be, that that is fraud on the court by the judge. I have a different question. There was an earlier Federal Court case, which was somewhat differently structured, but very similar, which was determined to be precluded by Rooker-Feldman. Why wouldn't that itself be claimed preclusive here? It may be. The facts? Yes, Your Honor. The facts are entirely different, and in that case, we did not allege, because at the time we just didn't have the background, we did not allege bribery and conspiracy and a fix, which under California law, a fix is commensurate with bribe. The terms are really interchangeable. Under the Colvin case at that time, back in what, five years ago, we did not have the information, background, and evidence that we have now for me to be able to stand up in open court, as I did, and state that Judge Moss had fixed the case, i.e. been bribed to fix the case. Of course, I was not held. I'm sorry? Was there at that time a Rooker-Feldman case? I'm not certain that it was. You represented that you had read the case and that it was your first on this case, so I was just asking you if you recall whether or not it was a Rooker-Feldman case. I don't offhand, Your Honor. I wouldn't characterize it as the strongest case. Again, I think that the Ninth Circuit, unlike some of the other circuits, NASS in particular has not really squarely addressed this issue, and that seems to be the point of my opponents, that the Ninth Circuit doesn't follow these other cases that we cite, NASS's and so forth. But to get back to Judge Verzon, this has come 180 degrees since last time we were before this court on these matters. We've finished the appeal. We have the judgment. But more importantly, we've discovered additional information. We've discovered how the bribe and the mechanism occurred, who was involved. We've alleged that. There's been some denials, which, frankly, don't go very far to an epic. They're just flat-out denials, empty of any substance. And most importantly, it's been adjudicated. If there's clamber, closure. There's allegations of bribery here. I mean, how did that get used? You keep talking about the fixing judge, but where does he actually end up? Well, as part of this exercise, I went through and checked to see how many times he actually used the term. I know he used the term a lot, but did you ever say it went away immediately? No. Of course, you have time now. Thank you very much. See you later, Your Honor. Thank you. All right. Thank you, Your Honor. Thank you. Counsel, you're muted. It was very good what I've said. May it please the Court, this is not a difficult case in terms of murder, felon, or disqualification. I'm sorry, could you reintroduce yourself? Oh, sure. I'm James Sabovich, speaking on behalf of appellants. Yes. May it please the Court, this is not a difficult case, we believe, in terms of murder, felon, or disqualification. I think Your Honor hit the nail on the head by bringing up the prior equity appeal, where, despite what the opposing counsel said, the issues, including the cases cited, the allegations, are virtually identical. The arguments that were just made about the Trait Western and Vanessa's case were addressed in prior briefing, as we showed in our answering brief, and they were all rejected. At the end of the day, there simply are no Ninth Circuit cases that make this artificial and completely unworkable distinction between judges and the Court, which would allow a party to convert intrinsic fraud, i.e. alleged fraud by the Court, into an extrinsic fraud by just saying that the Court isn't part of the Court. There's no case that does that. Well, what about the Third Circuit opinion, Craig Westrom? The Third Circuit opinion, I would say, first, this was all addressed before. But the Third Circuit opinion first employs an entirely different test that has never been adopted in the Ninth Circuit. It's not widely followed. And in that case, it's a Section 1983 due process case. So, if anything, it was more like the prior equity appeal than it is like this case, which is a RICO case against individual defendants. And in that case, the Court was pretty clear that what it was really concerned about was injury inflicted by the parties. And if we take a look at Appellate's complaint, they are very clear, and this, incidentally, is one of the main criteria for the government, is a party alleging injury by a state court judgment. And they are very clear. If you take a look at Paragraph 791 of their complaint, where they have alleged a sustained injury to the property from Appellate and subsequent appeal judgments, same thing in Paragraph 806. They claim they were injured in their real property. Does it matter, counsel, does it matter for purposes of Rooker-Feldman, that they're now seeking damages under RICO instead of a declaratory, some type of declaratory relief from the judgment? It does not, Your Honor. In the prior equity appeal, it is the case that they were not seeking an actual reversal of the judgment itself. They were seeking declaratory relief, which would then be used to collateralize Appellate. Here, what they're doing is claiming that the judgment inflicted damages on us, i.e., it denied us money that we claim we owe, therefore give us money, which is a de facto reversal. Obviously, most lawsuits are about money. And this one certainly is. They were claiming to have property rights that the court of appeal held that they did not have. And what they're doing is coming to federal court, saying, effectively, reverse the judgment, give us the property rights that the court of appeal held we do not have. And the fact that that takes the form of money has no effect on whether or not they are seeking relief from the judgment. They are seeking relief from the judgment. So essentially going through the window when they weren't able to go through the door last time in Igerle? Yes, I will give them an explanation. Actually, is your intention in Igerle is claim preclusive here or simply informative? We should do the same. Go ahead. I would say that Igerle is law of the case for specific law. Well, it's not the same case. So it's not the law of the case. Certainly. And you're correct, Your Honor. I would say that it is claim preclusion or at least the argument of whether or not what privilege constitutes extrinsic property. And we're talking about the same cases. And a lot of times in the briefing we showed this in our brief. It's not even the same order. These arguments have been resolved. Courts should not have the same arguments constantly raised and having to adjudicate them. And I think the court has the ability to protect itself from that. But even setting that aside, there simply is no basis for any disallowance of worker's health. And in this case, not only have they specifically alleged that their arm is injured, but in order to grab the federal relief claim, which is on the Pennsylvania case, instructs that if federal judgment requires a conviction, if the state court judgment is wrong, then worker development applies. And here, if you take a look at paragraph 13 of their complaint, paragraph 14, paragraph 25, they're all talking about millions of dollars in real estate equity. And I've read the ruling where number five asks for compensation for the value of planner's homes and judgment for interest amounts. Again, in order to hold that planners have real property interests in their homes, it is necessary to effectively reverse the Division III opinion by Judge Betzberg, holding that they do not have real property interests. There is no way that you can reconcile those two. So at the end of the day, this is a de facto appeal. They are claiming harm from the state court judgment. They are claiming property rights that the state court ruled that they do not have, and they're claiming a conspiracy that the State Board on the Court of Appeal was already adjudicated against them. These allegations of fraud and judicial fixing are false. Property rights determinations did not involve Judge Moss, is that right? That's correct, Your Honor. No, one would think they would be clear. I mean, frankly, I always get uncomfortable when we start with a plan where we're found to have a plan in a very poor area, and I always wonder why we're not looking at it as a claim for pollution rather than trying to call it something fancy. And here, if there was a filed state court judgment that doesn't falsely believe so, as to the property rights, why is it not simply a claim for pollution? That's the evidence, Your Honor. Because the court does not jurisdictionally consider plant perfusion in the first place because it is woodwork government. But that's turning a claim for pollution issue into a jurisdictional issue. Why should we do that? I understand the court's apprehension of woodwork government. I would say in this case, and there are certainly more complex cases, this is a fairly clear one. I would agree with Your Honor that if you get past woodwork government, then you will be in two claims for pollution in this case. I guess I'm a little concerned about the fact that the Third Circuit seems to take a somewhat similarly structured case and think it's not woodwork government. I need to read the Great Western more carefully, but the fact that we don't have a case isn't the answer. If you don't have a case and the Third Circuit has a case, it at least means that there's something potentially viable about the theory. But in this instance, we wouldn't seem to have to get there because everything hinges on their being made properly right, which has been determined outside this whole disparity notion to not exist. Sure, Your Honor. And I would also say that the disparity notion has also been adjudicated against plaintiffs. There are specific findings that did not exist that the reason for the rulings against the appellants. But the problem is it keeps suing the people who make those rulings, so now they're barred to conspiracy, right? That doesn't seem to be the case. I don't know of many jurors who are not barred to conspiracy at this point. But as for the tension, I would say that this is a fairly clear case of attacking a state court judgment. And as for the court's concern on claims preclusion, I would say that that is the next step if this falls into your good work, to go past work development. But because in this case we have such a clear instance of seeking relief. So another, but how does a great Western mining case, would you run out differently? No, we would not, because in this particular case, the Court of Appeal has already resolved the issue of these allegations of conspiracy and all that. So under the prevailing master of defense, who I've told you recently, which great judge, it isn't through a state court, these allegations that everyone's biased and all part of the conspiracy against the plaintiffs' counsel and its clients were all resolved. There are specific findings that there was no conspiracy, that the reason for these false reports were important. Some of you would have judged by that as being a state court judgment that is trying to be undermined here. Well, that's a part of it. Yes, that is ultimately the state court judgment that's trying to be undermined here. And the final judgment is flowing from it. That's not the only part of it. There is also the subsequent problem of property rights. The allegation that you're all part of a conspiracy was part of that, and it is the case that you cannot find that there is a RICO conspiracy involving what seems to be most of the California judiciary without undermining the California Court of Appeal's finding on this. There are specific findings that the reason why these plaintiffs lost were because arguments were not presented and specifically complimenting Judge Moss for holding his temper and ruling against plaintiffs. There are specific statements by the Court of Appeal saying that they reviewed the record, and there is nothing imperative here. In order to find RICO and to find judicial corruption, you have to disregard those. The other thing I would say as a bribery, because I know you all know this well... Are those judges also named as part of judicial conspiracy? Yes. At this point in time, those things are... Oh, my God. I think it's startling, right? Yes, it seems to be the case that any judge who ruled, and there's a specific finding by the Court of Appeal on this, that effectively any judge who rules against plaintiffs becomes part of a judicial conspiracy against them. I want you to talk about this qualification that apparently now includes some judicial corruption as well. All right. Thumbs up. Thank you. Yes. Thank you, Your Honor. First of all, Judge Moss made the judgment on the property rights. He denied there were property rights, in fact, that went against the original judge, Judge Stock. Second of all, we haven't sued all the judges involved in this multi-layered litigation. Very few judges and justices have been sued as part of this RICO conspiracy. There is no claim preclusion. There can't be because nothing... There was no full litigation of any of the claims that we make in this RICO action. In the state court, we weren't allowed to conduct discovery, even to pose Judge Moss. As far as the bribe of Judge Moss in the complaint, it occurs at various places, but page 3, paragraph 13, which is 10 ER 2163, page 39, paragraph 236, page 40, paragraph 239, and a number of other places. Did he say anything other than there was a bribe or there was a fix? We use the word bribe, Your Honor. He did not say anything about who paid what to do what. Well, we don't know to the ear today what was paid or given as the bribe. We don't know that. We know there was a bribe. There had to be a bribe because I charged in open court that there was a bribe, that there was a fix. I was accused of contempt. I was acquitted. You can't have it both ways. You can't have a state court, any court, that allows an attorney to stand up and accuse a judge of a bribe, and then there's no contempt found. If there's no contempt found, then the bribe charge must be true. There's no other way for it to work. And that's what the Colvin case says. That we cite repeatedly at pages 272 and right at the first page of that case. That, you know, that's the ultimate insult to the court, which it clearly is. And, you know, when you look back on the first go-around on this case in Ikerly, we did not use the word bribe at all. We only used the word fix. It came up once. I went back and looked. This is night and day, what has happened between this case and the prior case. I wasn't in a position. You have no further information at all, actually, alleged? We allege that the bribe was arranged, we believe, by Mr. Suslick. We have the declaration now of Mr. Thomas in the record, which is quite interesting what it has to say. We don't know if it was a bag of money or a boat in the Bahamas. We don't know what the substance, the pecuniary nature of the bribe was. But we know there was a bribe. There had to be because we've accused it, and it's been accepted as a matter of law now. I mean, the money at stake here. It's a matter of law because you weren't convicted of contempt. Exactly. Exactly. And if you look, we cite other cases, one of which was brought to our attention by our opponents, the Mahoney case, where attorneys said, as they did in Coleman, similar things, you know, a fix, a potential disregard of the law, and they were held in contempt. Now, last time around, I think it was Your Honor that made the comment, well, we don't know what Judge Moss's motive was. I mean, you can have willful judicial misconduct that does not involve a bribe. That's happened in various cases, some of which we cite, Fury and Wenger and so on, where a judge was disqualified. But here we have said there was a bribe and there was a fix, and I wasn't held in contempt. And the facts, the surrounding facts are quite clear that that's what happened. How did Judge Moss know to call the jury? The reason you weren't held in contempt was because the court determined it didn't want to give more air to those allegations. So can it fairly be said that that's an endorsement of those claims, other than the court just refrained from proceeding with contempt? I don't believe the court had the right to refrain from not doing anything about an attorney, an officer of the court that stands up in open court and says that a judge is fixed or bribed. The court has no ability to simply ignore that and say we don't want to give more light to it, which begs the question, why don't you want more light? The word used by the court was spotlight. Why don't you want the spotlight on this? Well, we say why. As far as this accusation that now we're saying Judge Carney's in on it, I didn't say that. My clients feel that way. It's in the declaration that was clarified in the reply brief. My clients, elderly people, this has caused extreme misery. This property, this coastal property is extremely valuable. Depending on what point in time you want to pick, we're talking about $100 million probably at this point, which is another indication of why there would be a bribe when you have that kind of money at stake that can be stolen from elderly people through fiduciary fraud. Let's keep in mind, nowhere does the answering brief deny the underlying fiduciary fraud. In fact, it doesn't deny anything. All it says is that if a judge is involved in the conspiracy, then it's not extrinsic fraud anymore because the judge is in on it, and therefore it's protected by Rooker-Feldman, and I submit that's just absurd. But that we did decide in the earlier case, didn't we? Because in the earlier case, you did sue the judges, and you did allege that they were involved in the conspiracy. Maybe it's just obvious that now you're expanding on the conspiracy and saying there was a fake, but you still said there was a conspiracy. Your Honor, you're right, and we're not taking issue. So the question of how we treat those kinds of allegations for purposes of Rooker-Feldman was in the earlier case, which decided against you, right? No, not the same facts. I'm not the same facts, but the same legal question. Well, the same legal question. Right, and that's what we claim for purposes. No, because the facts have changed dramatically. But they haven't changed as to the question that you – the central legal question of whether extrinsic fraud involving the judges can be within the Rooker-Feldman extrinsic fraud exception. That hasn't changed. No, Your Honor, that question didn't come up last time. Well, it did. Your Honor asked me point blank last time. It did. Did we have evidence of a bribe? And at the time, I could not say as an attorney or as anybody that yes, there was a bribe. We didn't have enough evidence. Now we do. The difference would be, as Your Honor, I think, pointed out last time around, if several judges out of spite or whatever rule against someone and there's a conspiracy to be spiteful, that's not Rooker-Feldman, I would admit. That's not. But when there's a bribe involved, when there's tampering with the judicial process that makes it extrinsic fraud, the denial of due process to the aggrieved person, now it is out of Rooker-Feldman because it's an independent claim, as we see in Great Western and Ness's and other cases. Thank you, Your Honor. We expire today. Thank you very much. Thank you, Your Honor. Judge Saunders submitted the next two cases, Luke v. Garland and Petra v. Garland, and submitted them to the briefs.
judges: BERZON, RAWLINSON, Dorsey